IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,365-01






EX PARTE BRIAN CARL VEAZIE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 99696-A IN THE 252nd DISTRICT COURT


FROM JEFFERSON COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to seventy-five years' imprisonment. The Ninth Court of Appeals affirmed
his conviction. Veazie v. State, No. 09-09-00418-CR (Tex. App.-Beaumont, delivered April 28,
2010, no pet.). 

 Applicant contends that his appellate counsel rendered ineffective assistance because counsel
failed to timely notify Applicant that his conviction had been affirmed. The trial court has entered
findings of fact, supported by the record, that Applicant was aware of his right to file a pro se
petition for discretionary review. However, its finding that Applicant received timely notification
of the affirmance his conviction as a result of appellate counsel's letter of May 3, 2010, is not
supported by the record currently before this Court.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide appellate counsel with further opportunity to respond to Applicant's claim of
ineffective assistance of counsel on appeal. The trial court shall also obtain an affidavit from the
Texas Department of Criminal Justice (TDCJ) regarding Applicant's prison mail room records for
May, 2010. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the mail room at the Applicant's
TDCJ unit received appellate counsel's correspondence. The trial court shall also make findings
of fact as to whether Applicant's appellate counsel timely informed Applicant that his conviction had
been affirmed and whether such notification was sent certified mail, return receipt requested, to the
defendant at his last known address as required by Texas Rule of Appellate Procedure 48.4. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: March 9, 2011

Do not publish